**Order filed September 6, 2019**



## In The

# Eleventh Court of Appeals

_____

## No. 11-18-00342-CR

_____

## SHAWN MARIE MCKENZIE-POLK, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 161st District Court**

**Ector County, Texas**

**Trial Court Cause No. B-17-0424-CR**

## O R D E R

A jury convicted Shawn Marie McKenzie-Polk of burglary of a habitation, arson, and cruelty to animals and assessed her punishment at imprisonment for ten years for each of the first two offenses and imprisonment for six years and a fine of $500 for the third offense. We abate the appeal and remand this cause to the trial court for appointment of new appellate counsel.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel asserts that he has thoroughly and conscientiously examined the record and applicable law and that he has concluded that the appeal is frivolous. Counsel has provided Appellant with a copy of the brief and advised Appellant of her right to review the record, file a pro se response to counsel's brief, and, if necessary, file a pro se petition for discretionary review. It appears that court-appointed counsel has attempted to comply with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991). Appellant has not filed a pro se response to counsel's brief.

In addressing an *Anders* brief, a court of appeals may determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and found no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at 410–11; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Following the procedures set out in *Anders*, *Kelly*, and *Schulman*, we have conducted an independent review of the record, and we disagree with court-appointed counsel's conclusion that the appeal is wholly frivolous. In this regard, we note that this appeal stems from a contested trial for three offenses based on circumstantial evidence and is not particularly amenable to disposition under *Anders*. We also note that, during the four-day guilt/innocence phase of the trial, twelve witnesses testified and almost two hundred exhibits were admitted into evidence. We are of the opinion that there are arguable grounds for an appeal.

Accordingly, we grant counsel's motion to withdraw, abate this appeal, and remand this cause to the trial court for appointment of new appellate counsel. *See Bledsoe*, 178 S.W.3d at 826–27. We direct the trial court to appoint new counsel to

represent Appellant on appeal. The trial court shall furnish the name, address, telephone number, and state bar number for new counsel in its order appointing new counsel. The order shall be included in a supplemental clerk's record, which shall be filed with the clerk of this court by September 30, 2019.

Newly appointed counsel shall file a brief that conforms to the Texas Rules of Appellate Procedure and that addresses any issue that counsel deems arguable. Appellant's brief shall be due thirty days from the date of the trial court's appointment of new counsel. All other appellate deadlines shall be in accordance with the Texas Rules of Appellate Procedure. By this order, we express no opinion on the merits of any issues or potential issues that the record may present.

The motion to withdraw is granted, the appeal is abated, and the cause is remanded to the trial court in accordance with this order.

PER CURIAM

September 6, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.